## M. W. STANTON v. MRS. C. C. NUGENT, EXECUTRIX.

Decided November 29, 1899.

**Partnership—Survivor—Segregation of Attorney Fee.**

Where a firm of attorneys dissolved partnership, and after the death of one of them the fee was paid in a case the firm had represented, the survivor was not entitled to control one-half of the fee, as surviving member, where the evidence showed that the deceased member had segregated such part prior to his death, and that the other had acquiesced in such action.

APPEAL from the County Court of El Paso. Tried below before Hon. JAMES L. HARPER.

*T. A. Falvey, A. Eylar,* and *Jas. U. Sweeney,* for appellant.

*Millard Patterson* and *C. N. Buckler,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee against J. A. Escajeda and M. W. Stanton to recover the sum of $400 alleged to be due the estate of T. L. Nugent out of a judgment obtained by C. M. Click against the Atchison, Topeka & Santa Fe Railway Company. The cause was tried by the court and resulted in a judgment for appellee.

The contest was over the disposition of $400 collected on the above named judgment, which was in the hands of Escajeda, the district clerk. Appellant contended that the money belonged to the partnership of Nugent & Stanton, of which he was the survivor, and appellee claimed it as executrix of the estate of T. L. Nugent, deceased.

There is testimony to support the findings of fact of the trial judge to the effect that T. L. Nugent, at the time of his death, had dissolved his partnership with appellant, and had, long before the fee was earned from Click, segregated his part of it from that belonging to appellant, and that the latter acquiesced in it. This disposes of all contention as to the right of appellant, as surviving partner, to have control of the money in controversy. The pleadings were sufficient to sustain the judgment, and were not subject to the exceptions urged against them.

It is not necessary to discuss the numerous assignments of error which, we think, are without merit.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is urged by appellant that this court erred in stating that he claimed the money only as surviving partner of the firm of Nugent & Stanton, but if that contention be true it does not change the result, because on whatever ground he may claim it, we are of the opinion that under the facts he is not entitled to it.

The evidence discloses that in 1890, after one C. M. Click had recovered a judgment for $3500 against the Atchison, Topeka & Santa Fe Railway Company, he entered into an agreement with his attorneys, Leigh Clark, M. W. Stanton, and Nugent & Neill, by which he agreed that they should have the sum of $1500 out of the judgment for their fee, to be distributed as follows: $750 to Leigh Clark, $375 to M. W. Stanton, and $375 to Nugent & Neill. The judgment was reversed on appeal, and another agreement was entered into by and between Click and Leigh Clark, in which it was agreed that in case a larger sum than $3500 was recovered on another trial, Click should receive one-half that sum and Leigh Clark the other half, and that out of the latter Clark should pay the $1500 provided for in the former contract. In a letter to Nugent, Clark admitted that the last contract was made for the benefit of all the attorneys concerned in the case, in the same proportion as in the original contract. A judgment was obtained by Click for $6500; under the operation of the second contract, there were $3250 to be divided among the attorneys, out of which Leigh Clark was entitled to $1625 and M. W. Stanton to $812.50. Clark testified that he paid Stanton one-half paid to him under the last contract, that is, one-half of $1750, the amount left after deducting from the $3250 the $1500 provided for in the first contract. One-half of $1750 is $875, which is $62.50 more than appellant Stanton was entitled to. W. B. Brack testified that he was representing Nugent and Neill, and he agreed to take $300 for himself and Neill, leaving the $400 in the hands of the district clerk for Mrs. Nugent, the wife and executrix of T. L. Nugent, deceased. Nugent and Neill should have received $812.50, but when Mrs. Nugent shall have received the $400 in controversy, that firm will have been paid $700, or $112.50 less than they were entitled to. Appellant not only received the $375 due him under the first contract, but received $500 from the last contract, when he should have had only $437.50.

The motion for rehearing is overruled.

*Overruled.*

NEILL, Associate Justice, did not sit in this case.